IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| ZACHARY YOUNG | : | NO. 10-427-1 |

MEMORANDUM

Bartle, C.J.                                           February 4, 2011

   The defendant Zachary Young has been indicted along with seven other persons including three Philadelphia police officers. He has been charged with conspiracy to distribute 100 grams or more of heroin, several counts of distribution of heroin, possession with intent to distribute 100 grams or more of heroin within a thousand feet of a school, and use of a communication facility in furtherance of a drug trafficking crime.

   Before the court is his motion to suppress certain recorded telephone conversations and the fruits thereof. He maintains that the affidavit supporting the application for the order authorizing interceptions of wire and electronic communications under 18 U.S.C. § 2518 contains materially false information. Based on the affidavit, the court issued an order authorizing the requested interceptions on April 30, 2010.

   In Frank v. Delaware, 438 U.S. 154, 155-56 (1978), the Supreme Court held:

> ... where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

If the substantial preliminary showing is made and the defendant proves by a preponderance of the evidence at the hearing that the affidavit contained false material, the fruits of the search will be suppressed "if the remaining content of the affidavit was insufficient to establish probable cause." Id. at 156.

The defendant must first make "a substantial preliminary showing" that the affiant made an intentional or knowing false statement or a statement with reckless disregard for the truth. The defendant contends that the affiant did not disclose to the court the "complete unreliability" of a confidential witness and did not inform the court of the full extent of the latter's drug addiction and bizarre behavior. Defendant also contends that the affiant failed to disclose to the court that the recording device used by the confidential witness malfunctioned at critical times when money was being passed from the defendant to the confidential witness. Further, defendant alleges that the affiant falsely swore that various information received from the confidential witness was corroborated.

We have reviewed the affidavit in question and consider the arguments offered on defendant's behalf. We find that the

defendant has not made the required "substantial preliminary showing."  The affiant told the court that the confidential witness had a drug addiction and that the government, at a certain point, ceased using him as an informant.  His affidavit also stated that the confidential witness "was looking to receive consideration for pending IRS charges."  However, there is simply no evidence that the confidential witness was completely unreliable.  In addition, the defendant made no showing that the affiant had not corroborated the information provided by the confidential witness.  Finally, contrary to defendant's position, the affidavit in support of the application for the wiretap establishes that normal investigative procedures in lieu of wire interceptions would be inadequate.  See United States v. Hendricks, 395 F.3d 173, 180 (3d Cir. 2005).

In sum, since defendant has not come forth with a substantial preliminary showing of falsity in the affidavit in support of the wiretap application, no evidentiary hearing is warranted under Frank v. Delaware.  The motion of the defendant Zachary Young to suppress evidence will be denied.