IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | |
| ZACHARY YOUNG | : | NO. 10-427-1 |

MEMORANDUM

Bartle, C.J. February 18, 2011

Before the court is the motion of Zachary Young "to sever trials" under Rules 8(b)[1] and 14[2] of the Federal Rules of Criminal Procedure.

On September 8, 2010, a federal grand jury returned an eighteen-count superseding indictment against eight co-defendants, including four Philadelphia police officers and the wife of one. In addition to Young, an alleged drug dealer, the co-defendants are Angel Ortiz, Miguel Santiago, Robert Snyder, Christal Snyder, Mark Williams, James Venziale, and Marcus

---

1. Rule 8(b) of the Federal Rules of Criminal Procedure provides that an indictment or information may
    charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

2. Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Branker.  As of this date, five defendants have entered pleas of guilty: Ortiz, Santiago, Robert Snyder, Christal Snyder, and Venziale.

Young is named in five counts, all related to an alleged conspiracy to steal heroin.  Specifically, Young is charged with one count of conspiracy to steal and distribute 100 grams or more of heroin (Count 1), one count of distribution of heroin (Count 2), two counts of possession with intent to distribute 100 grams or more of heroin (Counts 6 and 7), and one count of the use of a communication facility to facilitate a conspiracy to distribute heroin (Counts 14).  The superseding indictment also contains related charges against Young's alleged co-conspirators, who include all co-defendants with the exception of Branker.

In addition to the allegations regarding the conspiracy to steal and distribute heroin, the superseding indictment also alleges a second conspiracy to commit Hobbs Act Robbery (Count 16), as well as attempted Hobbs Act Robbery (Count 17), and the use of a firearm during and in connection to a crime of violence (Count 18). These counts name defendants Ortiz, Robert Snyder, Christal Snyder, Williams, and Branker and stem from an alleged scheme by these five individuals to steal gambling proceeds from an individual believed to be a member of the "mafia."  Young is not accused of having any involvement in these events and was not charged in these counts.  Young contends that the two conspiracies are misjoined in a single indictment as to him since

he has no connection to the conspiracy to rob the mafia member. He maintains that the trial of the two conspiracies together would deprive him of his right to a fair trial based on an undue lengthening of the trial because of the possible admissibility of recordings related to the second conspiracy and would prejudice him because of evidence of the use of a firearm in the second conspiracy.

Defendants may be joined in a single indictment "if they are alleged to have participated in the same act or transaction or the same series of acts and transactions." Fed. R. Crim. P. 8(b); see also United States v. Irizarry, 341 F.3d 273, 287-88 (3d Cir. 2003).[3]  In discussing Rule 8(b), the Supreme Court has stated that there is a strong preference that defendants who have been indicted together should be tried jointly for reasons of efficiency and the avoidance of inconsistent verdicts.  See Zafiro v. United States, 506 U.S. 534, 537 (1993).

Rule 14 of the Federal Rules of Criminal Procedure permits severance where one defendant would experience "clear and substantial" prejudice from the introduction of evidence against a co-defendant.  See Fed. R. Crim. P. 14.  Young bears the burden of establishing this prejudice.  See United States v. Eufrasio,

---

3.  While Rule 8(a) of the Federal Rules of Criminal Procedure deals with the joinder of offenses, it applies only to the joinder of multiple offenses against a single defendant.  See Irizarry, 341 F.3d at 287.  The tests for joinder of both offenses and defendants is merged in Rule 8(b).  See id.

935 F.2d 553, 568 (3d Cir. 1991). Our Court of Appeals has explained that, "[p]rejudice should not be found in a joint trial just because all evidence adduced is not germane to all counts against each defendant" or because some evidence is "more damaging to one defendant than others." Id.

Three defendants have exercised their right to go to trial. Young and Williams, a police officer, are alleged to have participated "in the same act or transaction or in the same series of acts or transactions" in Counts 1, 6 and 7. See Fed. R. Crim. 8(b). Williams and Branker are named in Counts 16, 17, and 18. While Williams and Branker are also charged in a separate conspiracy from Young, we do not think under the circumstances presented here that misjoinder has occurred under Rule 8(b). The Rule in our view has been satisfied because Young has participated in acts or transactions involving Williams in Counts 1, 6, and 7 and Williams and Branker have participated in acts or transactions set forth in Counts 16, 17, and 18. It is significant that the superseding indictment charges five of the eight defendants in both conspiracies which are of a highly similar character. Both allegedly involved Philadelphia police officers staging sham arrests in order to steal property in the possession of the arrestee. Rule 8(b), allowing joinder of two or more defendants, specifically provides that "all defendants need not be charged in each count." Fed. R. Crim. P. 8(b).

Young has not made a showing of clear and substantial prejudice under Rule 14 to necessitate a severance and separate

trial with respect to Counts 16 through 18.  Contrary to Young's position, the short amount of time needed to deal with the government's motion regarding the admissibility of recordings will not be injurious to Young and will not impede any aspect of his defense.  In addition, any evidence related solely to the second conspiracy will be easily compartmentalized by the jury to apply only to the defendants charged in that conspiracy.  See United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005).  The second conspiracy took place at a short time later than the first conspiracy, involved co-conspirator Branker, and dealt with the robbery of currency, not drugs.  It is highly unlikely that the jury will confuse the two schemes or mistakenly apply to the charges against Young the evidence adduced to prove the second conspiracy.

Finally, the Court will instruct the jury to consider each count separately and not to be influenced by the evidence introduced on Counts 16, 17, and 18 in its deliberations concerning Young.  See United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981).  A jury is presumed to be capable of following the Court's instructions and of considering the evidence against each defendant and for each offense separately. See United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005).  As such, we see no spillover effects against Young.

The interests of judicial economy and conservation of resources outweigh any possible prejudice against Zachary Young. Accordingly, we will deny his motion for severance.